UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNIVERSAL SEWING SUPPLY, INC., | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:05CV974 JCH |
| ARTEK SEWING SUPPLIES, INC., | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Artek Sewing Supplies, Inc.'s ("Defendant" or "Artek") Motion to Dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure Rule 12(b)(6) ("Defendant's Motion to Dismiss"), filed June 24, 2005. (Doc. No. 6). The matter is fully briefed and ready for disposition.

## BACKGROUND

On or about April 21, 2005, Plaintiff Universal Sewing Supply, Inc. ("Plaintiff" or "Universal") filed its Petition for Preliminary and Permanent Injunction, Damages and Other Relief ("Complaint") in this matter in the Circuit Court of St. Louis County, Missouri. (Defendant's Notice of Removal of Civil Action, Exh. A). In its Complaint against the sole Defendant, Artek, Plaintiff Universal alleges that it is engaged in the business of selling and distributing industrial parts and supplies to the "sewn goods industries" nationwide and beyond. (Complaint, ¶ 3). Plaintiff further alleges it owns a brand of products commonly known in the sewn goods industry as Feedrail$^{TM}$ and Electrorail$^{TM}$, and that it uses copyrighted drawings and illustrations in flyers, catalogues, and pamphlets in order to support the sale of these products. (Id., ¶¶ 7-8, 12-17).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

According to Plaintiff, Defendant is engaged in the similar business of selling industrial sewing parts and supplies to the sewn goods industry nationwide. (Complaint, ¶ 5). Plaintiff alleges Defendant distributes sales literature and publications as part of selling those products. (Id., ¶ 6).

Plaintiff's Complaint consists of two counts, as follows: Count I: Violation of Missouri's Unlawful Merchandising Practices Act ("MMPA"); and Count II: Violation of the Lanham Act. Defendant removed the action to this court on June 17, 2005. (Defendant's Notice of Removal of Civil Action). Defendant now argues that Plaintiff's lawsuit should be dismissed for failure to state a claim upon which relief can be granted. (Defendant's Motion to Dismiss, citing Fed. R. Civ. P. 12(b)(6)).[1]

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

---

[1] Along with its Motion to Dismiss and Memorandum in Support thereof, Defendant filed the Declaration of Abraham Retek, Artek's President and Principal Owner, a copy of an e-mail allegedly proposing an exclusive licensing agreement between Plaintiff and Defendant, and an exhibit of a competitor's literature allegedly employing Universal's illustrations. Upon consideration, the Court will decline Defendant's invitation to treat the instant motion as one for summary judgment, and thus will not consider Defendant's attached exhibits.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## DISCUSSION

**A.     Count I**

As stated above, Plaintiff refers to Count I of its Complaint as "Violation of Missouri's Unlawful Merchandising Practices Act." In its Motion to Dismiss, however, Defendant asserts that Plaintiff has failed sufficiently to plead a claim of copyright infringement under 17 U.S.C. § 401. (Defendant's Motion to Dismiss, ¶¶ 1-4). The bulk of Defendant's argument is that Plaintiff has failed to comport with the stringent pleading requirements for claims of copyright infringement. (Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. Rule 12(b)(6) ("Defendant's Memo in Support"), PP. 3-4).

By way of response, Plaintiff notes that it has not alleged a claim of copyright infringement under 17 U.S.C. § 401. (Plaintiff's Memorandum in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss ("Plaintiff's Memo in Opp."), PP. 1, 2; see also Plaintiff's Surreply, P. 2 (emphasis added) ("Artek twists Universal's response to make it appear that Universal attempted to state a claim for copyright infringement under the MMPA. *This is not so.*"). Rather, Plaintiff maintains it has alleged a violation of the MMPA, and that Defendant has failed to challenge the claim as pleaded. (Plaintiff's Memo in Opp., P. 2).[2]

The elements of an action for violation of the MMPA are as follows:

- There must be a use or employment of
  1. a deception,
  2. a fraud,

---

[2] In its Memorandum in Opposition, Plaintiff offers statements such as, "Regardless of what claims Universal stated in Counts I and II of its complaint, it has stated a claim for copyright infringement," and, "Universal's Complaint explicitly states claims for relief under the MMPA and Lanham Act and implicitly states a claim for copyright infringement." (Plaintiff's Memo in Opp., PP. 2, 5). Plaintiff's intent in making these statements is not clear to the Court. For the record, however, the Court notes that Plaintiff's Complaint as it now stands does not contain a claim for copyright infringement under federal law.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

3. a false pretense,
       4. a false promise,
       5. a misrepresentation,
       6. an unfair practice, or
       7. a concealment, suppression, or omission of a material fact;
- The unlawful act must occur in connection with the sale or advertisement of any merchandise in trade or commerce;
- The unlawful act must result in an ascertainable loss of money or real or personal property; and
- The loss must occur to a person who purchases or leases merchandise primarily for personal, family, or household purposes.

Missouri Practice Series, *Personal Injury and Torts Handbook*, § 29.2 (Elements of the Merchandising Practices Act Actions (2004 ed.)). Upon review, the Court finds Defendant has failed to address the sufficiency of Plaintiff's Complaint with regard to any of these elements in its Motion to Dismiss, its Memorandum in Support of Motion to Dismiss, or its Reply Memorandum. Defendant's Motion to Dismiss on this basis must therefore be denied.[3]

**B.    Count II: Violation Of The Lanham Act**

With respect to Count II of Plaintiff's Complaint, Defendant contends that Plaintiff has, "fail[ed] to identify even one specific instant [sic] of confusion, or passing off, or any act cognizant under the Lanham Act," and therefore has not properly alleged unfair competition under the Act. (Defendant's Memo in Support, P. 4). Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), states in relevant part as follows:

   (1)   Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which–

---

[3] In its only attempt to address the claim as stated in Plaintiff's Complaint, Defendant contends Plaintiff's MMPA claim is preempted by federal copyright law. (Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss, P. 2). Defendant improperly raises this argument for the first time in its Reply Memorandum, however, and thus the Court will not address it here.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

      (A)    is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

      (B)    in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1). Upon consideration, the Court finds that with its allegations, Plaintiff has met its burden of pleading unfair competition under the Lanham Act. (Complaint, ¶¶ 25-28). Defendant's Motion to Dismiss Count II under Fed. R. Civ. P. Rule 12(b)(6) will therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Artek Sewing Supplies, Inc.'s Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. Rule 12(b)(6) (Doc. No. 6) is **DENIED**.

Dated this 8th day of September, 2005.

                                          /s/ Jean C. Hamilton
                                          UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com